(Hamilton County Common Pleas.)

### STATE OF OHIO v. DOMINICK O'GRADY.

---

Plea of Insanity—Charge of the Court under such a plea preliminary to the trial—Nature of the issue—Burden of proof.

Charge of the Court.

---

BUCHWALTER, J.

Gentlemen of the Jury:—You are called here to make inquiry as to the present condition of the prisoner concerning his sanity or insanity. He being under indictment for crime could make the defense of insanity at the trial, but the law also provides that the issue may be raised by his counsel as to whether he was sane at the time when he was put upon trial, as bearing upon his right to confer with counsel, to prepare his case for trial, and to be capable to do it. Therefore, I say, that the law provides that in advance of the trial which shall determine whether or not he be guilty under the indictment, there may be a trial as to his present capacity.

Your verdict, therefore, does not pass upon whether he be guilty or not of crime. You are called upon to simply say whether now he be sane or insane.   If he be found to be sane, then there is a right to put him to trial upon the issues raised upon the indictment at once. If he be found to be insane, then it would be the duty, under the law, of the clerk of this court to certify the result of this proceeding to the probate court having jurisdiction in these matters, and it would be the foundation of an order of the probate court committing him to the asylum for the insane; and it would be the duty of the keeper of the aslyum to securely keep him until either his death or recovery; and upon his recovery to inform the prosecuting attorney of the county of that fact, and then it would become the duty of the prosecuting attorney to issue a capias on which to return him to jail and prepare him for trial.

This is the procedure.   And now we pass to the inquiry of his mental condition. We have nothing to do with the condition he was in at the time when he is alleged to have committed the crime, except in so far as that mental condition may aid us in the determination of his present condition.

Is he sane enough to know right from wrong? Is he sane enough to remember the events of his life? Is he sane enough to recall those events and present them to his counsel for the consideration thereof by his counsel? In other words, is he sane enough to present to counsel the facts which ought to be stated and presented to a jury upon the trial of the indictment of murder?

Now, you have heard the testimony from the witnesses as to what they have observed as to his condition while he has been in the jail and in the hospital of the city of Cincinnati.   You have heard the opinion of skilled men in that regard as to his condition, as founded upon their observation, and as founded upon the information which they received from those who had him in charge. It is for you to determine on that proof whether he be sane or insane in the manner and in the degree to which I have called your attention.

If he be insane, then your verdict should so state; and the contrary, if such be your opinion.   The burden is upon the prisoner to show by a preponderance of the proof that he is insane.

In this procedure a unanimous verdict is not required. It does require a three-fourths number of the jury to find a verdict that he is insane.   Nevertheless, I shall submit forms of verdict to you which shall indicate the number of you that may find him sane or insane.   If three-fourths or more of you find him to be insane, that will authorize your jury to sign a verdict to that effect—that he is insane.

. Owing to what is the apparent condition of the prisoner in court, it has been thought prudent to abridge the hearing, so that it may not be longer than what was requisite to get at the proof in the matter as near as human judgment may arrive at. Now, upon this proof I submit the issue to the jury. You will elect a foreman upon retiring who will sign your verdict for you all.

Thomas F. Shay, for the prisoner; John C. Schwartz and Thomas H. Darby, for state.